UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

**THOMAS T. BOLES, III
JANICE A. BOLES
PKA JANICE A. MILLER
AKA JANICE MILLER BOLES,**

    **Debtors.**

**CHAPTER 11**

**CASE NO. 10-37197-DOT**

**WELLS FARGO BANK, N.A.,**

    **Plaintiff/Movant.**
vs.

**THOMAS T. BOLES, III
JANICE A. BOLES,**

    **Defendants.**

ORDER GRANTING
<u>MODIFICATION OF STAY</u>

The Motion of the Movant, Wells Fargo Bank, N.A., to amend the automatic stay having been served on the Debtors and, upon agreement by Counsel,

It appears that Debtors are in possession of a certain real property located at 321 Ellery Court, Fredericksburg, VA 22407, and described as follows:

> **ALL THAT certain lot or parcel of land with all buildings and improvements thereon and all rights and privileges appurtenant thereto, situate, lying and being in Lee Hill Magisterial District, Spotsylvania County, Virginia, designated as Lot 98R, Block 3, Section 2, BERKELEY VILLAGE Subdivision, as shown on Compiled Plat of Lot Line Adjustment made by Robert W. Farmer, Jr., dated October 31, 2002, recorded in LR200300004942 in the Clerk's Office of the Circuit Court of Spotsylvania County, Virginia.**

Eric David White, Esquire
Counsel for Plaintiff
Samuel I. White, P. C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
State Bar #21346
(804) 290-4290

Upon consideration, it is **ORDERED**:

(1) Debtors will resume making all future regular monthly installment payments in the amount of $654.74, principal and Interest only, subject to any agreed upon changes due to amortization as calculated by the lender and changes after escrow analysis, as they become due commencing January 1, 2012, to include any late charges in the amount of $32.74 effective as of the January, 2012 payment, if applicable, pending further notice from the mortgage company.

(2) Terms of the modification are as follows:

   a. The loan will be reamortized with a new principal balance of $132,214.03, and any balance due shall be paid as an unsecured claim with the general, unsecured creditors of this case.

   b. Current payment amount of $790.12 will be reduced to $654.74 (principal and interest only). This payment amount is subject to any change in the escrow portion, which changes shall be noticed by letter from Plaintiff.

   c. Current interest rate of 5.625% will be reduced to a fixed rate of 4.00%.

   d. The first payment under the modification at the reduced amount shall begin January 1, 2012. The loan will be reamortized over 28 years.

   e. The Movant shall perform an escrow analysis once the loan has been set up with the new principal balance. In the event there is an escrow shortage due, the debtors shall tender any escrow shortage within 15 days of notice of same.

   f. All future payments made pursuant to the terms of this order should be forwarded to the following address until further notice:

   Wells Fargo Home Mortgage, Inc.
   1 Home Campus
   MAC #X2302-04C
   Des Moines, IA 50328

(3) In the event that any payment required by this order is not received by the Movant within 15 (fifteen) days after it is due the Movant may mail a notice of default to the Debtors by first class mail, postage prepaid (and, if it desires, also by certified or registered mail) with a copy to the Court and Counsel for Debtors by first class mail, postage prepaid or by email at the same time as the notice of default is mailed to the Debtors. The notice of default will state in simple and plain language:

   a. That the Debtors are in default in making at least one payment required under this order;

   b. The date(s) and amount(s) of each payment missed and any late charge or other fee necessary to cure the default;

   c. The action necessary to cure the default, including any address to which payments must be mailed;

   d. That the Debtors must take one of the following actions within 14 (fourteen) days after the date of the mailing of the notice of default:

**01-021580-10/knp**

      i. Cure the default;
      ii. File an objection with the Court stating that no default exists; or
      iii. File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

   e. That if the Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that it has complied with the terms of this order and that the Court may grant relief from the automatic stay without further notice to the Debtors; and

   f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Debtors do not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that the Debtors have not taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtors file an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtors, Counsel for Debtors. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

(4) The provisions of this order with respect to regular monthly installment payments expire one year after the date of entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

(5) Until an order is entered terminating the automatic stay, Movant may not refuse to accept or apply payments tendered by the Debtors, even if such payments are late or in the incorrect amount. Should Movant, at its option, accept a non-timely payment, it shall be without prejudice and shall not constitute a waiver of any default or of any of its rights pursuant to any other provisions contained within this Order.

(6) The automatic stay is modified to permit the Noteholder or servicing agent to send the Debtors any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the court.

(7) Should the Debtors default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $50.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $150.00, for issuance of a certificate of default and preparation of an Order Terminating they Automatic Stay.

DATED:

_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER
Entered on Docket**

_____

I ask for this:

## /s/ ERIC DAVID WHITE

Samuel I. White, P. C.
Eric David White, Esquire, VSBN 21346
Counsel for Wells Fargo Bank, N.A.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230

Seen and Agreed:

## /s/ SHEILA DE LA CRUZ

Sheila de la Cruz, Esquire
Counsel for Debtors
P.O. Box 500
Richmond, VA 23218-0500

CERTIFICATE

I hereby certify that this proposed Order is substantially in compliance with Standing Order Number 10-2, with the Court's informal instructions and that it has been endorsed by all necessary parties involved in this proceeding.

## /s/ ERIC DAVID WHITE
Samuel I. White, P. C.

01-021580-10/knp

The Clerk shall mail a copy of the entered Order to the following:

Office of the U.S. Trustee
Chapter 11 Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

David K. Spiro, Esquire
Counsel for Debtors
P.O. Box 500
Richmond, VA 23218-0500

Thomas T. Boles, III and Janice A. Boles
Debtors
P.O. Box 463
Spotsylvania, VA 22553