IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Case No. 10-37197-DOT |
| | ) | Chapter 11 |
| THOMAS T. BOLES and JANICE A. BOLES, | ) | |
| Debtors. | ) | |
| | ) | |
| THOMAS T. and JANICE A. BOLES, | ) | |
| Debtors, | ) | |
| v. | ) | Adv. Pro. No. _____ |
| WELLS FARGO BANK, N.A., | ) | |
| **Serve:** Corporation Service Company (as Registered Agent) Bank of America Ctr., 16th Floor 1111 E. Main Street Richmond, VA 23219 | ) | |
| and | ) | |
| Carrie L. Tolstedt, President Wells Fargo Bank, N.A. 101 N. Phillips Avenue Sioux Falls, SD 57104 | ) | |
| and | ) | |
| Carrie L. Tolstedt, President Wells Fargo Bank, N.A. 464 California Street | ) | |

David K. Spiro (VSB No. 28152)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Phone: (804) 771-9500
Facsimile: (804) 644-0957
Email: dspiro@hf-law.com
   sdelacruz@hf-law.com

*Counsel for Debtors, Thomas T. Boles, III, and Janice A. Boles*

```
San Francisco, CA 94104          )
                                 )
        Defendant.               )
                                 )
_____)
```

## COMPLAINT TO DETERMINE VALIDITY, PRIORITY, AND/OR EXTENT OF WELLS FARGO BANK, N.A.'S DEED OF TRUST LIEN AND FOR DECLARATORY JUDGMENT

The debtors, Thomas T. Boles and Janice A. Boles (collectively, the "Debtors"), by counsel, for their Complaint to Determine Validity, Priority, and/or Extent of Wells Fargo Bank, N.A.'s Deed of Trust Lien and for Declaratory Judgment (the "Complaint") against the defendant, Wells Fargo Bank, N.A. ("Wells Fargo Bank"), allege as follows:

### JURISDICTION AND VENUE

1.   This Court has jurisdiction over the instant Adversary Proceeding pursuant to Title 28, Sections 157 and 1334 of the United States Code in that this Complaint arises in and is related to the underlying bankruptcy case of the Debtor.

2.   This proceeding is a core proceeding under Title 28, Sections 157(b)(2)(A) and (K) of the United States Code.

3.   Venue in this Adversary Proceeding in this District and before this Court is proper under Title 28, Section 1409(a) of the United States Code.

4.   The statutory predicates for the relief sought herein are Title 11, Sections 105, 506, and 1123(a)(5)(E) of the United States Code (the "Bankruptcy Code"), and Rule 7001(2) and (9) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").

### PARTIES

5.   Thomas T. Boles and Janice A. Boles are the Debtors in this Chapter 11 bankruptcy proceeding.

2

6. Upon information and belief, Wells Fargo Bank is a corporation organized and operating under the laws of California and possesses the junior mortgage on the real property forming the basis of this action.

## PROCEDURAL AND FACTUAL BACKGROUND

7. Among other real estate properties, the Debtors are the current owners of a certain parcel of real estate designated as 321 Ellery Court, Fredericksburg, Virginia, which they utilize as rental property (the "Property").

8. In 2005, the Debtors executed a Deed of Trust (the "First Deed of Trust") with Wachovia Mortgage Corporation ("Wachovia Mortgage") which imposed a first mortgage on the Property to secure a promissory note in the amount of $144,000.00 (the "First Lien"). A true and correct copy of the First Deed of Trust is attached hereto and marked as **Exhibit A**.

9. Following the execution of the First Lien, Wells Fargo Home Mortgage, Inc. ("Wells Fargo Home Mortgage") acquired Wachovia Mortgage's interest in the First Lien.

10. The current balance of the First Lien held by Wells Fargo Home Mortgage is $132,214.03.

11. On or about April 25, 2007, the Debtors executed a Deed of Trust (the "Second Deed of Trust") with Wachovia Bank, N.A. ("Wachovia Bank") which imposed a second mortgage on the Property to secure a promissory note in the amount of $45,450.00 (the "Second Lien"). A true and correct copy of the Second Deed of Trust is attached hereto and marked as **Exhibit B**.

12. Following the execution of the Second Lien, Wells Fargo Bank acquired Wachovia Bank's interest in the same.

13. The current balance of the Second Lien is $44,647.39.

14. Based on a Uniform Residential Appraisal Report dated September 16, 2011 (the "Appraisal"), the market value of the Property is $125,000.00 (the "Appraised Value"). A true and correct copy of the Appraisal is attached hereto and marked as **Exhibit C**.

15. On October 15, 2010, the Debtors filed their voluntary joint petition under Chapter 11 of the Bankruptcy Code.

16. On December 21, 2010, Wells Fargo Bank and/or its authorized agent filed a proof of claim in the purportedly secured amount of $44,647.39 (Claim No. 12) (the "Wells Fargo Bank Claim") in connection with the Second Lien. Contrary to the Appraisal, the Wells Fargo Bank Claim lists the value of the Property as only $90,000.00. A true and correct copy of the Wells Fargo Bank Claim is attached hereto and marked as **Exhibit D**.

17. The Wells Fargo Bank Claim further supports the fact that the Second Lien is wholly unsecured as a result of the value of the Property.

18. On October 5, 2011, the Debtors filed their Joint Plan of Reorganization (the "Plan") and related Disclosure Statement with the Court. True and correct copies of the Plan and the Disclosure Statement are attached hereto as **Exhibit E**.

19. Pursuant to Article V, subsection 5.4(c) and (d) of the Plan, the Debtors sought to: (a) completely strip Wells Fargo Bank's Second Lien of its secured status in that such lien is wholly unsecured and void; (b) provide Wells Fargo Bank with a general unsecured claim in connection with the deficiency balance owed by the Debtors and arising from the strip/voidance of the Second Lien; and (c) provide Wells Fargo Bank with the ability to vote to accept or reject the Plan as a member of Class 5 – the general unsecured creditors class. See Exhibit D. In addition, Article V, subsection 5.5 of the Plan provided that those members of Class 5 holding

allowed, general unsecured claims would be entitled to their *pro rata* share of distributions in the total amount of $155,353.17 made by the Debtors and in accordance with the Plan. Id.

20. On or about October 27, 2011, the Debtors timely and properly served the Disclosure Statement and the Plan via first class mail on all creditors and/or parties in interest, including Wells Fargo Bank and its counsel.

21. On or about November 28, 2011, Wells Fargo Bank, by counsel, voted the value of its Second Lien, *i.e.*, $44,647.39 (referred to hereinafter as the "Deficiency Balance"), in favor of accepting the Plan. In doing so, Wells Fargo Bank voted to accept all provisions of the Plan as such provisions related to the treatment of the Second Lien, including, but not limited to, Article V of the Plan. A true and correct copy of Wells Fargo Bank's voting ballot accepting the Plan is attached hereto as **Exhibit F**.

22. The Debtors are currently holding a *pro rata* distribution payable to Wells Fargo Bank in accordance with the provisions of the Plan.

23. Notwithstanding the foregoing and out of an abundance of caution, the Court instructed the Debtors to initiate the instant Adversary Proceeding against Wells Fargo Bank to ensure that Wells Fargo Bank was afforded additional notice and the opportunity to respond to the Debtor's attempt to completely strip off the Second Lien from the Property in accordance with the provisions of the Plan.

**COUNT I**
**(Determination of Validity, Priority, and/or Extent of Wells Fargo Bank's Second Lien, and for Declaratory Judgment Pursuant to Bankruptcy Code Sections 105, 506, and 1123(a)(5)(E) and Bankruptcy Rule 7001(2) and (9))**

24. The Debtors hereby repeat and incorporate paragraphs 1-23 of this Complaint as if fully set forth herein.

25. Section 506 of the Bankruptcy Code provides, in pertinent part:

5

### § 506. Determination of secured status

**(a)(1)** An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

. . .

**(d)** To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void . . .

11 U.S.C. § 506.

26.  As a result of the Appraised Value of the Property, less the balance owed by the Debtors on the First Lien to Wells Fargo Home Mortgage (i.e., $125,000.00 - $132,214.03 = -$7,214.03), the Second Lien of Wells Fargo Bank on the Property is wholly unsecured under section 506(a)(1) of the Bankruptcy Code.

27.  In addition, given that the Second Lien on the Property is wholly unsecured, such lien is void under section 506(d) of the Bankruptcy Code. See also, In re Smith, 1 F. App'x 178, 181 (4th Cir. 2001) (holding that a senior lien absorbing all value in the collateral property renders the junior lien wholly unsecured and void pursuant to section 506(d) of the Bankruptcy Code).

28.  Accordingly, pursuant to Bankruptcy Code sections 105, 506, and 1123(a)(5)(E), and Bankruptcy Rule 7001(2) and (9)), the Debtors respectfully request that the Court make a determination and render a declaratory judgment in favor of the Debtors and against Wells Fargo Bank, expressly finding, declaring, and/or ordering:

(a)  The Property's value is the maximum amount of $125,000.00;

(b)  The First Lien on the Property is in the amount of $132,214.03;

(c)  As a result of the Property's maximum value of $125,000.00, less the balance owed on the First Lien, no remaining value exists in the Property to which the Second Lien attaches, thereby rendering the Second Lien wholly unsecured and void pursuant to section 506 of the Bankruptcy Code;

(d)  The claim of Wells Fargo Bank for the Deficiency Balance on the Second Lien shall be treated as an unsecured claim in accordance with the provisions of the Plan; and

(e)  Such other and further relief as this Court may find appropriate.

Dated: February 20, 2012

THOMAS T. BOLES and
JANICE A. BOLES

By: /s/ Sheila deLa Cruz
        Counsel

David K. Spiro (VSB No. 28152)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Phone: (804) 771-9500
Facsimile: (804) 644-0957
Email: dspiro@hf-law.com
      sdelacruz@hf-law.com

*Counsel for the Debtors, Thomas T. Boles, III, and Janice A. Boles*

4275241v3